Daniel L. Feder (SBN 130867)
LAW OFFICES OF DANIEL FEDER
235 Montgomery Street Suite 1019
San Francisco, CA 94104
Telephone: (415) 391-9476
Facsimile: (415) 391-9432
daniel@dfederlaw.com

Attorneys for Plaintiff,
JACQUELINE CHEN

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELINE CHEN, an individual, | Case No. |
| Plaintiff, | PLAINTIFF'S COMPLAINT FOR DAMAGES FOR: |
| v. | 1. Discrimination in Violation of Cal. Govt. Code § 12940, et. seq. (Medical Condition/Disability) |
| BIOTELEMETRY, a Corporation doing business in California, and CARDIONET, LLC. a Corporation doing business in California; and DOES 1-50, inclusive, | 2. Failure to Engage in the Interactive Process in Violation of Cal. Govt. Code § 12940, et. seq. |
| | 3. Failure to Accommodate in Violation of Cal. Govt. Code § 12940, et. seq. |
| Defendants. | 4. Failure to Prevent Discrimination, Harassment, and Retaliation in Violation of Cal. Govt. Code § 12940, et. seq. |
| | 5. Retaliation in Violation of Cal. Govt. Code § 12940, et. seq. |
| | 6. Wrongful Termination in Violation of Public Policy |
| | 7. Harassment in Violation of Cal. Govt. Code § 12940, et. seq. (Medical Condition/Disability) |
| | **REQUEST FOR PUNITIVE DAMAGES** |

Plaintiff alleges:

## PARTIES

1. Plaintiff JACQUELINE CHEN, (hereinafter "Plaintiff ") is an adult female and is a resident of California. At all times relevant herein, Plaintiff was employed by Defendants BIOTELEMETRY, INC., and CARDIONET, LLC.

2. Defendant BIOTELEMETRY (hereinafter "Defendant" or "BIOTELEMETRY") is a Philips

1
**COMPLAINT**

Company ("Defendant") is a Delaware company with its principle place of business located at 1000 N Cedar Hollow Rd, Unit 102, Malvern, PA 19355.

3. Defendant CARDIONET, LLC. (hereinafter "Defendant" or "CARDIONET") is a Delaware company with its principle place of business located at 1000 Cedar Hollow Rd, Unit 102, Malvern, PA 19355.

4. Plaintiff is ignorant of the true names and capacities of the defendants who are sued herein as DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and thereon alleges, that each of said fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were proximately caused by such unlawful conduct.

5. Plaintiff is informed and believes and thereon alleges that Defendant at all times relevant herein, was the agents and/or employee of co-Defendant, and in doing the things alleged in this complaint were acting in the course and scope of such agency and/or employment. Defendants, and each of them, is the employer of the managers and supervisors herein complained of, and supervising over Plaintiff, and therefore Defendants, and each of them, is liable for the discriminatory and harassing acts conducted by their agents, employees and supervisors, under the theory of Respondeat Superior.

**JURISDICTION & VENUE**

6. Personal jurisdiction is proper in this district because all of the plaintiff's claims arise out of defendants' purposeful contacts with the plaintiff in this district, and because the exercise of jurisdiction over the defendants is fair and reasonable.

7. The plaintiff is a citizen if the State of California. The defendants BIOTELEMETRY and CARDIONET, LLC are incorporated in the State of Delaware, and have the principal place of business in Pennsylvania. The amount in controversy in this action exceeds $75,000. Therefore, diversity jurisdiction exists pursuant to 28 U.S.C. § 1332(a).

8. Venue is proper in the Northern District of California under 28 U.S.C.§1391(b)(2) in that this is the judicial district in which a substantial part of the events or omissions giving rise to the claim

occurred.

**GENERAL FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

9. Plaintiff re-alleges and incorporates all previously alleged paragraphs as though fully set forth herein.

10. On or about July 12, 2021, Plaintiff started to work for Defendants as a Product Manager. Plaintiff reported to Danielle Lewis, Director of Product Management.

11. On her first day, Plaintiff signed agreement on a four-week New Hire Onboarding and Training plan for July 12th to August 9th, which concluded with a power point presentation as the deliverable.

12. During the first week of Plaintiff's employment, Ms. Lewis said: "Who is Jacqueline?" "I can't give you work. I need to study you first. Ms. Lewis's only long term team member and right hand person, Sandhya Seshadri asked Plaintiff in a meeting about family / nation of origin, ethnicity, family status and relationships.

13. During the third week of Plaintiff's employment, Ms. Lewis sent random one sentence text message to Plaintiff and told Plaintiff, "These are tests. I want to watch how you react." Ms. Lewis told Plaintiff, " I give tasks vaguely on purpose as tests." At the end of the third week, Ms. Lewis told Plaintiff, "I want you to think over the weekend if this is a job you want."

14. On or about August 2, 2021, Plaintiff reported to HR, Allysa Nuernberg, about Ms. Lewis's threat to employment and misrepresentation.

15. One of Plaintiff's medical conditions is in reduced functioning of hands and arms that need modulation. It is especially difficult if she needs to maneuver small fine motor movements like spreadsheet cells and use mouse. On or about August 13, 2021, during the video call meeting, Plaintiff was unexpected being forced to do on the spot persistently. Plaintiff typically uses trackpad and alternates her left and right hands to compensate for the condition.

16. On or about August 23, 2021, Plaintiff disclosed to Director of HR Operations, Amy Koeneman, via a phone call that she has a physical disability and that she had been fine upon till 1-2 weeks ago.

17. On or about August 23, 2021, Plaintiff called Talent Acquisition, Glenn Murani, the recruiter

who brought her to the company. Plaintiff told Mr. Murani that she has a physical disability and can perform typical Product Manager job for which she can work around her physical limitations but not non-essential operational support manual tasks needing immediate fire fighting. Plaintiff requested assistance from talent acquisition in re-defining her position since general HR does not work with job descriptions. Mr. Murani said he would follow up with HR.

18. On or about August 23, 2021, Plaintiff filed complaint online with the California Department of Fair Employment and Housing (DFEH). Telephone intake interview appointment was scheduled for December 13, 2021.

19. On or about August 24, 2021, Plaintiff sent an email to Ms. Brodhag Director of HR to facilitate a mediation meeting in which she wanted to discuss her roles and responsibilities and her physical limitations among other things.

20. On or about August 27, 2021, Plaintiff met with Ms. Brodhag. Ms. Brodhag said she had talked to Talent Acquisition, and confirmed that this is a Product Manager job. Plaintiff repeated that she could perform typical Product Manager job function for which she could work around her physical limitations. Ms. Brodhag asked what Plaintiff's disability is. Plaintiff declined to disclose her private medical information and told Ms. Brodhag that her doctor could work with HR on the accommodation.

21. Plaintiff's upcoming doctor's visit would be on Sept 7th, and it would take few days for the doctor to write the letter. Plaintiff had an existing doctor's note from previous visit(s). One accommodation is results-oriented performance evaluation.

22. On or about August 27, 2021, about two hours after Plaintiff met with Ms. Brodhag, Plaintiff received an email from Ms. Lewis in which she told Plaintiff to stop all of her work for her main job function, stop communications with her colleagues. Ms. Lewis also told Plaintiff head of technology did not need her and that she would not be assigned to any of the projects that were happening and available for her work group. Ms. Lewis assigned Plaintiff to perform manual tasks that was directly targeted at Plaintiff's physical disability, adversely changed her job function to non-essential tasks and gave her daily deadlines for manual data entry from Aug 30 to Sept 3. Plaintiff told Ms. Lewis that she had submitted her doctor note for accommodations.

23. On the same day, Plaintiff emailed Ms. Brodhag the existing doctor's note for reasonable accommodation and the email of new non-essential task may be in conflict with her existing doctor's note for reasonable accommodation.

24. On or about August 30, 2021, Ms. Lewis emailed Plaintiff and told her to use vacation hours for her hospital visit at 4:45pm. Ms. Lewis required that her doctor's visits be reported on ADP and taken out of her accrued vacation time.

25. On or about August 31, 2021, Ms. Brodhag replied to Plaintiff's submitted doctor's note for reasonable accommodation with "I don't think this is the accommodation you are seeking."

26. On or about September 9, 2021, Plaintiff had a meeting with Ms. Lewis and Ms. Brodhag. Plaintiff was harassed about going to the doctor's and having a hospital visit at 4:45pm and was asked, "Was it a medical emergency?" Ms. Lewis falsely accused about not declining meeting invites that she was not able to attend while she was out at the doctor's when she had also informed days ahead of the time about the appointment. Plaintiff was harassed and falsely accused about not completing her work assignment. Plaintiff was threatened and was asked, "Do you want this work?"

27. The repeated harassment and false allegations, intentional setups to interfere with work performance, and threats to her employment caused Plaintiff emotional distress and her medical conditions to flare-up even worse to the point that she was barely able to use her arms.

28. On or about September 9, 2021, Plaintiff emailed HR her 2nd doctor's note on a letter for reasonable accommodation from her doctor's visit on September 7th. Plaintiff also emailed HR the link to the Goal Oriented Management Method as a reasonable accommodation.

29. On or about September 9, 2021, Plaintiff submitted two internal complaints at company's Compliance Hotline Website about the disability discrimination and harassment from her manager.

30. On or about September 10, 2021, Plaintiff had her first phone reporting through a one-hour live conversation with a representative with Philips SpeakUp on disability harassment by her manager and HR as well as intentional sudden job change targeted at her disability causing physical harm.

31. On or about September 11, 2021, Plaintiff messaged her doctor that her hands, wrists, arms now had zero to minimal functioning from overuse doing non-essential manual task of data entry that her manager had her do after she put in reasonable accommodation request.

5
**COMPLAINT**

32. On or about September 13, 2021, Plaintiff received repeated false allegation from her manager, repeating the same as in the meeting on September 9th. The email was Cc'd Philips - Legal US Labor and Employment Law, Sr. Counsel, based at Pleasanton California. After that, Plaintiff had a second phone reporting with Philips SpeakUp on continual harassment and abuse causing emotional distress.

33. On or about September 13, 2021, Plaintiff emailed Philips - Legal US Labor and Employment Law, Sr. Counsel, based at Pleasanton California, requesting for a meeting.

34. On or about September 13, 2021, Plaintiff was in deep pain as a result of severe emotional distress. Plaintiff emailed her manager and HR, "My MD and I decided that I take 6 days off for medical and health reasons, Sept 14th-21st."

35. Between September 14th - September 21st, Plaintiff took time off for medical and health reasons. Plaintiff used accrued vacation hours, and the rest unpaid.

36. On or about September 14th, Philips - Legal US Labor and Employment Law, Sr. Counsel, based at Pleasanton California emailed back, to "work with HR." Plaintiff didn't see this email until September 22nd when she returned to work.

37. On or about September 22, 2021, Plaintiff returned to work, and emailed HR her 3nd doctor's note on time off for health, 6 days from Sept 14th-21st and accommodations.

38. On or about September 23, 2021, Defendants refused to provide reasonable accommodation. In the meeting, Ms. Brodhag gave Plaintiff 3 options: 1. File disability with State of California. 2. Go on leave without pay "so that you can look for another job" 3. Resign with a severance package.

39. On or about September 24, 2021, Plaintiff emailed Ms. Brodhag to suggest alternatives to the reasonable accommodation requested by her doctors that the company isn't able to provide.

40. On or about September 26, 2021, Ms. Brodhag emailed the same denial of reasonable accommodation.

41. On or about September 27, 2021, Plaintiff called Philips - Group Legal Compliance, Sr. Manager of HR, Mary Walti, based at Pleasanton California to report non-compliance and scheduled one meeting scheduled for 3pm to discuss. Later that day, Plaintiff had a phone meeting Ms. Walti regarding disability mis-handling and managerial misconduct. She stated she was calling the HR

6
**COMPLAINT**

who's been handling Plaintiff's case.

42. On or about September 27, 2021, Plaintiff left voice message with Philips - Legal US Labor and Employment Law, Sr. Counsel, based at Pleasanton California.

43. On or about September 27, 2021, Plaintiff sent an email to Gerald Whitcomb Sr. Counsel, Philips - Legal US Labor and Employment Law, based at Pleasanton California complaining about harassment and retaliation and other Defendant's failure to comply with the laws.

44. On or about September 29, 2021, Plaintiff's access to laptop was blocked.

45. Plaintiff received a phone call and email for shipping labels to return company equipment to the San Francisco office.

46. On or about September 30, 2021, Plaintiff received a termination letter delivered by FedEx.

47. Defendants failed to accommodate for Plaintiff's medical condition and disability.

48. Defendants aforesaid conduct was discriminatory and retaliatory and changed the terms and conditions of Plaintiff's employment.

49. Plaintiff is informed and believes, and thereupon alleges Defendants, and each of their conduct as referenced above and incorporated herein by reference, was engaged in to discriminate against and/or retaliate against Plaintiff for her requests for medical leave and reasonable accommodations.

50. As a result of the above-mentioned incidents of discrimination, retaliation and otherwise unlawful and outrageous conduct, Plaintiff has suffered severe and pervasive emotional distress and will present evidence of the same at trial in this action.

51. Within the time provided by law, Plaintiff made a complaint to the California Department of Fair Employment and Housing ("DFEH") against Defendants, and each of them. Plaintiff has received a right-to-sue letter from the DFEH.

## FIRST CAUSE OF ACTION

DISCRIMINATION BASED ON DISABILITY/MEDICAL CONDITION IN VIOLATION OF CALIFORNIA GOVERNMENT CODE §12940, ET SEQ.

[Against Employer Defendants]

52. Plaintiff re-alleges and incorporates all previously alleged paragraphs as though fully set forth

herein.

53. At all times herein mentioned, Defendants qualified as "employer" as defined within California Fair Employment and Housing Act (California Government Code 12940, et. seq., or "FEHA"), in that they regularly employed five or more workers. FEHA requires employers, such as Defendants to refrain from discrimination against, and harassment of, an employee on the basis of their actual or perceived medical condition or disabilities, among other classifications.

54. At all times herein mentioned, Plaintiff was an employee of Defendants.

55. Defendants knew or believed that Plaintiff had a medical condition/disability that limited her ability to work, among other activities.

56. Defendants made decisions based on their knowledge and/or belief of Plaintiff's medical condition/disability which adversely affected Plaintiff in regards to the terms, conditions and privileges of employment. Such actions include, but are not limited to: (a) failing to accommodate Plaintiff's medical condition/disability; and (b) Plaintiff's termination.

57. Defendants' conduct was extreme and outrageous and was a substantial factor in causing Plaintiff's injuries, which include, but are not limited to: loss of income, humiliation, embarrassment, severe mental and emotional distress, and discomfort.

58. Defendants committed the acts herein alleged maliciously, fraudulently, and oppressively with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice, in conscious disregard for Plaintiff's rights and thus an award of exemplary and punitive damages is justified. Further, the actions directed at Plaintiff were carried out by supervising employees acting in a deliberate, callous and intentional manner in order to injure and damage Plaintiff. Plaintiff is therefore entitled to recover and herein prays for punitive damages in an amount sufficient to punish and deter Defendants and others for such conduct.

WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth below.

## SECOND CAUSE OF ACTION

FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF CALIFORNIA GOVERNMENT CODE §12940, ET SEQ.

[Against Employer Defendants]

59. Plaintiff re-alleges and incorporates all previously alleged paragraphs as though fully set forth herein.

60. At all times herein mentioned, Defendants qualified as "employer" as defined within California Fair Employment and Housing Act (California Government Code 12940, et. seq., or "FEHA"), in that they regularly employed five or more workers.

61. At all times herein mentioned, Plaintiff was an employee of Defendants.

62. As stated supra, Defendants knew that Plaintiff had medical condition/disabilities.

63. Plaintiff requested that Defendants make reasonable accommodations for her medical conditions per doctor's notes.

64. Defendants failed to participate in a timely good-faith interactive process with Plaintiff to determine whether reasonable accommodation(s) could be made, and that failure was a substantial factor in causing Plaintiff harm.  Plaintiff's damages include, but are not limited to:  loss of income, humiliation, embarrassment, severe mental and emotional distress, and discomfort, all of which amount to Plaintiff's damage which totals in excess of the minimum jurisdiction of this court, the precise amount to be proven at trial.

65. Defendants committed the acts herein alleged maliciously, fraudulently, and oppressively with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice, in conscious disregard for Plaintiff's rights and thus an award of exemplary and punitive damages is justified.  Further, the actions directed at Plaintiff were carried out by supervising employees acting in a deliberate, callous and intentional manner in order to injure and damage Plaintiff.  Plaintiff is therefore entitled to recover and herein prays for punitive damages in an amount sufficient to punish and deter Defendants and others for such conduct.

WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth below.

## THIRD CAUSE OF ACTION

FAILURE TO ACCOMMODATE IN VIOLATION OF CALIFORNIA

GOVERNMENT CODE §12940, ET SEQ.

[Against Employer Defendants]

66. Plaintiff re-alleges and incorporates all previously alleged paragraphs as though fully set forth herein.

67. At all times herein mentioned, Defendants qualified as "employer" as defined within California Fair Employment and Housing Act (California Government Code 12940, et. seq., or "FEHA"), in that they regularly employed five or more workers.

68. At all times herein mentioned, Plaintiff was an employee of Defendants.

69. As stated supra, Defendants knew that Plaintiff had medical condition/disabilities that were required to be accommodated by law.

70. Plaintiff requested that Defendants make reasonable accommodations for her condition per doctor's notes.

71. Defendants failed to participate in a timely discussion with Plaintiff to determine whether reasonable accommodation could be made, and that failure was a substantial factor in causing Plaintiff harm. Plaintiff's damages include, but are not limited to: loss of income, humiliation, embarrassment, severe mental and emotional distress, and discomfort.

72. Defendants committed the acts herein alleged maliciously, fraudulently, and oppressively with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice, in conscious disregard for Plaintiff's rights and thus an award of exemplary and punitive damages is justified. Further, the actions directed at Plaintiff were carried out by supervising employees acting in a deliberate, callous and intentional manner in order to injure and damage Plaintiff. Plaintiff is therefore entitled to recover and herein prays for punitive damages in an amount sufficient to punish and deter Defendants and others for such conduct.

WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth below.

**FOURTH CAUSE OF ACTION**

FAILURE TO PREVENT DISCRIMINATION, HARASSMENT, AND RETALIATION IN VIOLATION OF CALIFORNIA GOVERNMENT CODE §12940, ET SEQ.

[Against Employer Defendants]

73. Plaintiff re-alleges and incorporates all previously alleged paragraphs as though fully set forth herein.

74. FEHA, California Government Code § 12940(k), and other applicable provisions, make it an unlawful employment practice for an employer "to fail to take all reasonable steps necessary to prevent discrimination and retaliation from occurring."

75. At all times herein mentioned, Defendants qualified as "employer" as defined within California Fair Employment and Housing Act (California Government Code 12940, et. seq., or "FEHA"), in that they regularly employed five or more workers.

76. At all times herein mentioned, Plaintiff was an employee of Defendants.

77. Plaintiff was subjected to discrimination, harassment and retaliation while employed by Defendants because of her medical condition/disabilities. She was also subjected to retaliation because she requested for medical leaves due to her medical condition/disabilities.

78. Plaintiff is informed and believes, and thereon alleges, that Defendants failed to act and/or to take all reasonable steps necessary to prevent discrimination and retaliation from occurring.

79. Defendants' conduct was extreme and outrageous and was a substantial factor in causing Plaintiff's injuries, which include, but are not limited to: loss of income, humiliation, embarrassment, severe mental and emotional distress, and discomfort, all of which amount to Plaintiff's damage which totals in excess of the minimum jurisdiction of this court, the precise amount to be proven at trial.

80. Defendants committed the acts herein alleged maliciously, fraudulently, and oppressively with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice, in conscious disregard for Plaintiff's rights and thus an award of exemplary and punitive damages is justified. Further, the actions directed at Plaintiff were carried out by supervising employees acting in a deliberate, callous and intentional manner in order to injure and damage

Plaintiff.  Plaintiff is therefore entitled to recover and herein prays for punitive damages in an amount sufficient to punish and deter Defendants and others for such conduct.

WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth below.

## FIFTH CAUSE OF ACTION

RETALIATION IN VIOLATION OF CALIFORNIA GOVERNMENT CODE §12940, ET SEQ.

[Against Employer Defendants]

81. Plaintiff re-alleges and incorporates all previously alleged paragraphs as though fully set forth herein.

82. FEHA, California Government Code § 12940(h), and other applicable provisions, make it unlawful for any employer to discriminate or otherwise adversely treat its employees based upon an employee's assertion of their right to work in an environment free from discrimination and retaliation. California Government Code § 12940(m) makes it unlawful for any employer to retaliate against its employees for requesting accommodation.

83. Plaintiff was subjected to retaliation because she requested for medical leaves as a reasonable accommodation due to her medical condition(s)/disabilities and she reported discrimination and harassment from her manager.

84. Instead of investigating, remedying and/or otherwise addressing the concerns of Plaintiff, Defendants encouraged, ratified, supported, and/or engaged in further discriminatory and retaliatory conduct against Plaintiff.  Such actions include, but are not limited to Plaintiff's termination.

85. Plaintiff is informed and believes, and thereon alleges, that Defendants' conduct, as alleged above, and incorporated herein by reference, was in retaliation for Plaintiff's requests for reasonable accommodations and her complaints of discrimination and harassment.  Such actions are unlawful, discriminatory, and retaliatory in violation of California Government Code section 12940, and have resulted in damages to Plaintiff as alleged herein.

86. Defendants' conduct was extreme and outrageous and was a substantial factor in causing Plaintiff's injuries, which include, but are not limited to:  loss of income, humiliation, embarrassment, severe mental and emotional distress, and discomfort.

87. Defendants committed the acts herein alleged maliciously, fraudulently, and oppressively with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice, in conscious disregard for Plaintiff's rights and thus an award of exemplary and punitive damages is justified. Further, the actions directed at Plaintiff were carried out by supervising employees acting in a deliberate, callous and intentional manner in order to injure and damage Plaintiff. Plaintiff is therefore entitled to recover and herein prays for punitive damages in an amount sufficient to punish and deter Defendants and others for such conduct.

WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth below.

## SIXTH CAUSE OF ACTION

WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

[Against Employer Defendants]

88. Plaintiff re-alleges and incorporates all previously alleged paragraphs as though fully set forth herein.

89. At all times relevant herein, Plaintiff was employed by Defendants, until her termination on or about September 30, 2021.

90. California has a fundamental, substantial, and well-established public policy, as expressed in FEHA against discrimination, harassment, and retaliation in the workplace.

91. Defendants violated that important public policy by terminating Plaintiff, at least in part, because of Plaintiff's medical conditions/disabilities. Furthermore, Defendants violated that policy by terminating Plaintiff, at least in part, because she requested for reasonable accommodations and complaints about discrimination and harassment.

92. On or about September 30, 2021, Defendants terminated its employment relationship with Plaintiff after her repeated complaints about discrimination and harassment, and took time off from work. Plaintiff is informed and believes, and thereon alleges, that Plaintiff was terminated because of and in retaliation for Plaintiff's medical conditions, request for reasonable accommodation, and complaints of discrimination and harassments.

93. Defendants' conduct was extreme and outrageous and was a substantial factor in causing

Plaintiff's injuries, which include, but are not limited to: loss of income, humiliation, embarrassment, severe mental and emotional distress, and discomfort.

94. Defendants committed the acts herein alleged maliciously, fraudulently, and oppressively with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice, in conscious disregard for Plaintiff's rights and thus an award of exemplary and punitive damages is justified. Further, the actions directed at Plaintiff were carried out by supervising employees acting in a deliberate, callous and intentional manner in order to injure and damage Plaintiff. Plaintiff is therefore entitled to recover and herein prays for punitive damages in an amount sufficient to punish and deter Defendants and others for such conduct.

WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth below.

## SEVENTH CAUSE OF ACTION

DISABILITY HARASSMENT IN VIOLATION OF CALIFORNIA GOVERNMENT CODE

§12940, ET SEQ

[Against All Defendants]

95. Plaintiff re-alleges and incorporates all previously alleged paragraphs as though fully set forth herein.

96. Defendants, through their agents and employees engaged in a pattern and practice of unlawful disability harassment in violation of the Fair Employment and Housing Act (hereinafter referred to as "FEHA") in connection with the terms and conditions of Plaintiff's employment. The above conduct was unwelcome, directed towards Plaintiff, and was part of an ongoing and continuing pattern of conduct.

97. Plaintiff suffered from a disability. Plaintiff was subjected to a hostile work environment because of her disability, requests for time off from work and reasonable accommodations.

98. At all relevant times, Defendants had actual and constructive knowledge of the harassment conduct described and alleged herein, and condoned, ratified and participated in the discrimination. As a result of the hostile and offensive work environment perpetrated and maintained by Defendants, and Defendants' failure to protect Plaintiff from further harassment, Plaintiff suffered significant

emotional distress.

99. Defendants' conduct was extreme and outrageous and was a substantial factor in causing Plaintiff's injuries, which include, but are not limited to: loss of income, humiliation, embarrassment, severe mental and emotional distress, and discomfort.

100. Defendants committed the acts herein alleged maliciously, fraudulently, and oppressively with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice, in conscious disregard for Plaintiff's rights and thus an award of exemplary and punitive damages is justified. Further, the actions directed at Plaintiff were carried out by supervising employees acting in a deliberate, callous and intentional manner in order to injure and damage Plaintiff. Plaintiff is therefore entitled to recover and herein prays for punitive damages in an amount sufficient to punish and deter Defendants and others for such conduct.

WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff makes the following demand:

(a)   That process be issued and served as provided by law, requiring Defendants, and each of them, to appear and answer or face judgment;

(b)   For general, special, actual, compensatory and/or nominal damages against Defendants in an amount to be determined at trial;

(c)   For punitive damages in an amount to be determined at trial sufficient to punish, penalize and/or deter Defendants and others from engaging in the conduct described herein;

(d)   For back and /or front pay and other benefits Plaintiff would have been afforded but-for Defendants' unlawful conduct;

(e)   For costs and expenses of this litigation;

(f)   For reasonable attorneys' fees, where applicable;

(g)   For pre and post-judgment interest on all damages and other relief awarded herein from all entities against whom such relief may be properly awarded; and,

(h)   For all such other and further relief as the nature of the case may require and the court

deems appropriate and just.

Dated: March __25__, 2022                     **Law Offices of Daniel Feder**

                                                    /s/ Daniel Feder

**DANIEL FEDER**
Attorney for Plaintiff
JACQUELINE CHEN

**DEMAND FOR JURY TRIAL**

Dated: March _25___, 2022                     **Law Offices of Daniel Feder**

                                                    /s/ Daniel Feder

**DANIEL FEDER**
Attorney for Plaintiff
JACQUELINE CHEN